UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-61134-CIV-COHN

CLEVELAND J. REEVES,

    Plaintiff,

v.

COMMISSIONER / INTERNAL
REVENUE SERVICE,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

**THIS CAUSE** is before the Court on the United States' Motion to Dismiss [DE 7] ("Motion"). The Court has carefully reviewed the Motion, as well as Plaintiff's Response [DE 11] and Defendant's Reply [DE 13], and is otherwise fully advised in the premises.[1]

**I.**    **Background**

    **A.**    **Reeves I**

On November 17, 2014, pro se Plaintiff Cleveland J. Reeves filed an earlier action against M.P. Conway, an employee of the Internal Revenue Service ("IRS"), in

---

[1] In addition, Plaintiff has filed a Motion for Summary Judgment [DE 10] and a document that the Court construes as a Motion to Remand [DE 9]. The Motion for Summary Judgment is filled with many of the same frivolous tax-protester arguments recited in Plaintiff's Complaint and other filings. Plaintiff offers no reason, based on actual law, to grant summary judgment in his favor. Too, Plaintiff's Motion to Remand is devoid of merit. Plaintiff asserts that the Government has "hijacked" this case by removing it to federal court without his consent. DE 9 at 1. But Plaintiff ignores that federal law expressly allows removal of cases like this one. See 28 U.S.C. § 1442(a)(1) (permitting removal of actions against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any [statutory authority] for . . . the collection of the revenue"). Thus, Plaintiff's Motion for Summary Judgment and Motion to Remand will be denied.

his official and individual capacities.  See Reeves v. Conway, Case No. 14-cv-62612-JIC, DE 1 (S.D. Fla. filed Nov. 17, 2014) ("Reeves I").  In that case, the IRS determined that Reeves had improperly claimed an exemption from withholding on his Form W-4.  The IRS thus directed Reeves's employer to withhold a minimum amount of his wages.  See Reeves I, DE 26 at 2 (Order Granting Mot. to Dismiss).  Raising "many familiar tax-protester arguments," Reeves claimed that these actions violated his constitutional rights.  Id.; see Reeves I, DE 1 at 8.  Reeves sought nearly $2.5 million in damages.  See Reeves I, DE 1 at 6.

Noting that the United States was the proper Defendant (at least for the official-capacity claim), the Government moved to dismiss the Reeves I Complaint.  See Reeves I, DE 10 (Mot. to Dismiss); Rosado v. Curtis, 885 F. Supp. 1538, 1542 (M.D. Fla. 1995), aff'd, 84 F.3d 437 (11th Cir. 1996) (Table).  The Government argued that Reeves's suit was barred by the doctrine of sovereign immunity and otherwise failed to state a valid claim for relief.  See Reeves I, DE 10 (Mot. to Dismiss).

Regarding the official-capacity claim, the Court observed that Reeves "ha[d] not alleged any basis for a waiver of sovereign immunity and fail[ed] to address Defendant's sovereign-immunity arguments in his Motion Response."  Reeves I, DE 26 at 4.  Although recognizing that one statutory waiver of sovereign immunity potentially applied to Reeves's claim, see 26 U.S.C. § 7433(a) (waiving sovereign immunity in suits for unauthorized tax collection), the Court noted that Reeves had not exhausted administrative remedies as required by that statute.  See id. § 7433(d)(1).

The Court likewise rejected the individual-capacity claim against Conway.  Explaining that this claim was governed by Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Court held that Reeves could not

assert a Bivens claim since federal law afforded him other means to seek redress for Conway's alleged constitutional violations. See Al-Sharif v. United States, 296 F. App'x 740, 742 (11th Cir. 2008) (per curiam). The Court thus dismissed Reeves I for lack of subject-matter jurisdiction and failure to state a claim. See Reeves I, DE 26 at 5.

**B.     Reeves II**

On April 28, 2016, Reeves brought the present action against the Commissioner of the IRS (the "Commissioner") in Florida circuit court. See DE 1-2 at 9-31 (Compl.) ("Reeves II"). Reeves's Complaint states that the Commissioner is "being sued in his/her official capacity." Id. at 29, ¶ 22. Elsewhere in the Complaint, though, Reeves cites to Bivens. See id. at 11; id. at 24. Construing his pro se pleading liberally, see Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), the Court will assume that Reeves intends to sue the Commissioner in both his official and individual capacities.

While the Reeves II Complaint names a different Defendant, the facts and legal theories it pleads are substantially similar to those alleged in Reeves I. The crux of Reeves's new Complaint is that the IRS violated his constitutional and statutory rights by finding that his Form W-4 improperly claimed exempt status and by requiring his employer to withhold certain wages. See DE 1-2 at 21-23, ¶ 7; id. at 63-75 (Compl. Exs. 8-10) (letters from Conway); id. at 77 (Compl. Ex. 12) (2013 Form W-4). And again, the Complaint and supporting exhibits consist mostly of rambling, boilerplate language essentially arguing that the federal income tax is unlawful.[2] Reeves now

---

[2] As the United States points out, the Eleventh Circuit has "routinely rejected" such arguments as frivolous. DE 13 at 1; see, e.g., Stubbs v. Comm'r, 797 F.2d 936, 938 (11th Cir. 1986) (per curiam) (observing, in response to taxpayer's claims that wages are not taxable income and that he need not file a tax return, that "[s]uch arguments have been rejected by courts at all levels of the judiciary and are patently frivolous"); Hyslep v. United States, 765 F.2d 1083, 1084 (11th Cir. 1985) (per curiam)

seeks damages of at least $5 million.  See id. at 31.

After removing Reeves II to this Court, see DE 1 (Notice of Removal), the United States filed its instant Motion.  See DE 7.  The Motion again seeks dismissal for lack of jurisdiction and failure to state a claim, and further contends that the dismissal order in Reeves I bars this action under the doctrine of res judicata.  See Davila v. Delta Air Lines, 326 F.3d 1183, 1187 (11th Cir. 2003) (setting forth elements of res judicata).[3] Reeves has filed a Response opposing the Motion, but that filing merely adds more tax-protester arguments and does not address the United States' contentions.  See DE 11.  The Government has filed a Reply in support of the Motion.  See DE 13.

## II. Discussion

### A. Legal Standards for Motions to Dismiss

#### 1. Dismissal for Lack of Subject-Matter Jurisdiction

The United States argues that sovereign immunity bars Reeves's claims against the Commissioner in his official capacity.  When it applies, sovereign immunity deprives a court of subject-matter jurisdiction to hear a plaintiff's claim.  See Bennett v. United States, 102 F.3d 486, 488 n.1 (11th Cir. 1996).  Subject-matter jurisdiction "involves the court's competency to consider a given type of case," so it "cannot be waived or

---

("[T]he argument that individual wage earners are not subject to income tax is completely frivolous and without merit.").  The Court will not specifically address these baseless contentions.  See Crain v. Comm'r, 737 F.2d 1417, 1417-18 (5th Cir. 1984) (per curiam).

[3] Although the United States contends otherwise, the Court dismissed the Reeves I official-capacity claim mainly because subject-matter jurisdiction was lacking.  As a result, the Court denies the Government's request to dismiss the similar claim here as barred by res judicata.  See Davila, 326 F.3d at 1188 (stressing that a dismissal "for lack of subject matter jurisdiction . . . is not an adjudication on the merits that would give rise to a viable res judicata defense").

4

otherwise conferred upon the court by the parties." Jackson v. Seaboard Coast Line R.R. Co., 678 F.2d 992, 1000 (11th Cir. 1982). If a court lacks jurisdiction over the subject matter of a case, dismissal is warranted. See Fed. R. Civ. P. 12(b)(1), (h)(3).

Attacks on subject-matter jurisdiction may be either facial or factual. See Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990) (per curiam). A facial attack, like the Government raises here, requires the Court to examine the Complaint and determine whether the plaintiff has alleged a sufficient basis for subject-matter jurisdiction. See Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232-33 (11th Cir. 2008). In addressing a facial attack, the Court must take the plaintiff's allegations as true. See id.

### 2. Dismissal for Failure to State a Claim

To withstand a Rule 12(b)(6) dismissal motion, a complaint must contain factual allegations that are "enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint therefore must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration, citations & internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557 (alteration in original)).

At this stage of the case, a court must accept the facts alleged in the complaint as true and draw all reasonable inferences from those facts in the plaintiff's favor. See Twombly, 550 U.S. at 555-56.  A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove the necessary facts. See id.  Nonetheless, the court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

### B. Analysis of Defendant's Motion

#### 1. Official-Capacity Claims

"A suit against . . . IRS employees in their official capacities is, in essence, a suit against the United States."  Rosado v. Curtis, 885 F. Supp. 1538, 1542 (M.D. Fla. 1995), aff'd, 84 F.3d 437 (11th Cir. 1996) (Table).  The United States is generally immune from suit unless it expressly consents to be sued.  See EEOC v. First Nat'l Bank, 614 F.2d 1004, 1007 (5th Cir. 1980).[4]  A plaintiff seeking damages from the United States thus bears the burden of establishing that the government has waived sovereign immunity with respect to his claims.  See Thompson v. McHugh, 388 F. App'x 870, 872 (11th Cir. 2010) (per curiam); Ishler v. IRS, 237 F. App'x 394, 398 (11th Cir. 2007) (per curiam).

In his Response to the Motion, Reeves does not address the Government's sovereign-immunity arguments.  As pertinent here, however, Reeves's Complaint

---

[4] Decisions of the former Fifth Circuit issued before October 1, 1981, are binding precedent in the Eleventh Circuit.  See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

mentions a waiver of sovereign immunity under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680.  See DE 1-2 at 27.  The FTCA does waive sovereign immunity in certain cases, but not for claims relating to the assessment or collection of taxes.  See 28 U.S.C. § 2680(c); Al-Sharif, 296 F. App'x at 742.  Because Reeves's lawsuit arises from the Government's tax assessment and collection efforts, the FTCA does not provide a waiver of sovereign immunity here.

As in Reeves I, 26 U.S.C. § 7433(a)—which waives sovereign immunity in suits for unauthorized tax collection—potentially applies to Reeves's claims in this action. But to bring a claim under § 7433(a), a plaintiff must first exhaust his administrative remedies.  See 26 U.S.C. § 7433(d)(1); Galvez v. IRS, 448 F. App'x 880, 887 (11th Cir. 2011) (per curiam); Dorn v. United States, 249 F. App'x 164, 166 (11th Cir. 2007) (per curiam).  Reeves does not allege that he exhausted the applicable administrative remedies, and nothing in the record suggests he has done so.  Thus, even assuming that a waiver of sovereign immunity under § 7433(a) would otherwise apply, Reeves's failure to exhaust administrative remedies forecloses any claim under that statute.

In sum, Reeves has not established a waiver of sovereign immunity with respect to his official-capacity claims.  The Court will therefore grant the Government's request to dismiss that claim.

### 2. Individual-Capacity Claims

Bivens governs civil actions against federal officials in their individual capacities for violations of federal constitutional rights.  See Thibeaux v. Mukasey, 275 F. App'x 889, 892 (11th Cir. 2008) (per curiam).  Damages are available in a Bivens action only if the plaintiff has no alternative means of seeking redress.  See Hardison v. Cohen, 375 F.3d 1262, 1264 (11th Cir. 2004).  As in his prior suit, Reeves cannot proceed

under Bivens here because "the availability of adequate statutory avenues for relief forecloses a Bivens action against individual IRS agents for alleged constitutional violations with respect to the collection and assessment of taxes." Al-Sharif, 296 F. App'x at 742. More, Reeves has alleged no individual conduct by the Commissioner apart from his official role as head of the IRS. See FDIC v. Meyer, 510 U.S. 471, 473 (1994) (declining to recognize a Bivens claim against a federal agency). The Court will therefore dismiss Reeves's claims against the Commissioner in his individual capacity.

### III. Conclusion

For the reasons discussed, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The United States' Motion to Dismiss [DE 7] is **GRANTED**;

2. Plaintiff's Motion to Remand [DE 9] and Motion for Summary Judgment [DE 10] are **DENIED**;

3. The above-styled action is **DISMISSED** for lack of subject-matter jurisdiction and for failure to state a claim; and

4. The Clerk is directed to **CLOSE** this case and **DENY AS MOOT** all other pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 4th day of October, 2016.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record

Cleveland J. Reeves, pro se